IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES STROUSE (Register No. 15976-078), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-707-O |
| | § | |
| UNITED STATES PROBATION, | § | |
| Fort Worth Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by

Petitioner, James Strouse, a federal prisoner confined at Greenville FCI in Greenville, Illinois,

against United States Probation, Fort Worth Division, Respondent. After considering the petition and

relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed

for lack of jurisdiction. No service has issued upon Respondent.

## I.  BACKGROUND

On December 10, 2009, in the United States District Court for the Eastern District of Texas,

Case No. 4:09-cr-00046-001, Petitioner was convicted of possession of sexually explicit visual

depictions of minors and sentenced to 120-month term of confinement. J., United States v. Strouse,

Pacer, Criminal Docket for Case #: 4:09-cr-00046-ALM-KPJ, ECF No. 39. On May 26, 2011, in

Case No. 4:10-cr-00077-001, Petitioner was convicted of retaliatory threats against a federal official

and mailing threatening communications in the same court and sentenced to a 46-month term of

confinement for each offense, to be served consecutively to his sentence in the 2009 case. J., United

States v. Strouse, Pacer, 4:10-cr-00077-RAS-DDB, ECF No. 32. In this petition, Petitioner appears

to challenge his 2009 conviction on the basis of ineffective assistance of appellate counsel and the

condition(s) of his supervised release. Pet. 5-6, ECF No. 5. He seeks the following relief: "(1) reverse vacate coerced plea; (2) recall mandate in appeal No. 09-21260 (5th Cir. 2010) and appoint (CJA) appellate counsels." *Id.* at 7.

## II. DISCUSSION

A court has the duty sua sponte to assure that it has jurisdiction over the matters and parties before it. *See Burnham v. Superior Ct. of Cal.,* 495 U.S. 604, 608-09 (1990); *Burge v. Parish of St. Tammany,* 187 F.3d 452, 465-66 (5th Cir. 1999). The only district that may consider a habeas-corpus challenge pursuant to § 2241 is the district in which the prisoner is confined at the time he files his § 2241 petition. *Rumsfeld v. Padilla,* 542 U.S. 426, 442-44 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001). Because Petitioner was and continues to be confined at Greenville FCI, which lies in the Southern District of Illinois, at the time he filed the present § 2241 petition, this Court is without jurisdiction to consider the petition.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice for lack of jurisdiction. A certificate of appealability is DENIED. Petitioner's application to proceed *in forma pauperis* is DENIED because he failed to file a certificate of inmate trust account, or institutional equivalent, reflecting the balance in his inmate account. App., ECF No. 6.

**SO ORDERED** on this 4th day of August, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

2